Request of the Senate,
No. 4936.

## OPINION OF THE JUSTICES.

Submitted April 21, 1961.

Answer returned April 28, 1961.

The following resolution adopted by the Senate on April 13, 1961, was filed in this court on April 14, 1961:

"WHEREAS, there is now pending before the Senate, Senate Bill 1, An Act to provide partial relief for depositors in commercial accounts in the Valley Trust Company; and

"WHEREAS, questions have been raised concerning its constitutionality,

"Now, THEREFORE, BE IT RESOLVED That the Justices of the Supreme Court be respectfully requested to give their opinion upon the following questions:

"1. Does the said bill conflict with or violate the New Hampshire Constitution in any of its provisions?

"2. If the answer to question one is in the affirmative, would the answer be the same if the money for the purposes of the bill were taken from the general funds of the state?

"3. If the answer to question one is in the affirmative, would the answer be the same if the bill were amended by striking out the first and second sections thereof and substituting therefor an amendment to RSA 395:12 so that said statute would read:

"395:12 Agent's Compensation, etc. The compensation of any agents, counsel, employees and assistants, and all expenses of supervision and liquidation, shall be fixed by the commissioner,

subject to the approval of the court, and on notice to such institution, and upon the certificate of the commissioner, shall be paid out of the general funds of the state."

The following answer was returned:

*To the Honorable Senate:*

The undersigned Justices of the Supreme Court submit the following answer to the questions contained in your resolution with reference to Senate Bill No. 1 entitled "An Act to provide partial relief for depositors in commercial account in Valley Trust Company."

The bill provides that after all expenses "due to the liquidation of . . . commercial accounts" have been ascertained as provided in section 1 the Bank Commissioner shall collect from each banking institution under his supervision (RSA 383:9) this amount prorated "in accordance with the proportion which its assets bear to the total assets of all such institutions. The assessment hereunder shall be in addition to any other assessments on account of examination and supervision of said banking institutions." S. 2. The amount so collected is to be paid to the depositors in the commercial account of the Valley Trust Company pro rata.

The State in the exercise of its police power has broad powers to enact protective legislation to regulate banks for the protection of its depositors. *Opinion of the Justices,* 102 N. H. 106; *Opinion of the Justices,* 102 N. H. 189.

Under existing law the expenses of liquidation of an insolvent bank are a charge upon its assets. RSA 395:12, 30. The proposed legislation would shift this burden from the Valley Trust Company to all of the banks of the state under the supervision of the Commissioner.

A comprehensive method for the taxation of banks is provided in RSA ch. 84. In addition to this tax, banks under the supervision of the Commissioner are assessed for the cost of examination of such banks. Laws 1959, *cc.* 268, 269. See note, RSA 383:11 (supp).

Under the provisions of Part I, Article 12th, New Hampshire Constitution, every member of the community must contribute his share in the cost of the protection afforded by the State of his life, liberty and property. But this obligation extends no further than the payment of a just share. *Rollins* v. *Dover,* 93 N. H. 448.

The bill would select an arbitrary class of taxpayers to contribute to a single bank. This would place upon the contributing banks the unequal burden of paying more than their just share of governmental expense. *Morrison* v. *Manchester*, 58 N. H. 538; *Rollins* v. *Dover, supra*. In our opinion the bill would violate the Constitution and our answer to your first inquiry is "yes."

Your second inquiry is: "If the answer to question one is in the affirmative, would the answer be the same if the money for the purposes of the bill were taken from the general funds of the State?"

Our answer to this question is also "yes." This proposed change would appropriate public funds to reimburse private depositors for losses sustained and is violative of the constitutional provision against taxation for the aid of private parties. N. H. Const., Pt. II, *Art.* 5th. See *Opinion of the Justices*, 102 N. H. 189.

In light of the foregoing it logically follows that our answer to your third inquiry would also be yes, since the proposed amendment to RSA 395:12 provides that the expenses of liquidation of any bank shall be paid out of the general funds of the State rather than from the assets of the bank being liquidated. The suggested amendment of RSA 395:12 would accomplish by indirection what is sought to be accomplished by the proposal contained in your second question, since the payments proposed by the amendment would inure to the benefit of the depositors of the institution involved.

FRANK R. KENISON.
LAURENCE I. DUNCAN.
AMOS N. BLANDIN, JR.
EDWARD J. LAMPRON.
STEPHEN M. WHEELER.

April 28, 1961.

*Upton, Sanders & Upton* for New Hampshire Association of Savings Banks, furnished a memorandum in favor of affirmative answers.